



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

.D C. MANN
ATTY GENERAL

March 1, 1939

Hon. J. B. Henderson, Jr.
Assistant County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-364
Re: Is Section 3a of Article 3902
unconstitutional?

Your request for an opinion on the above stated question has been received by this office.

We want to thank you for the able brief submitted with your inquiry which has been of great assistance in passing upon your question.

Section 3a of Article 3902, Revised Civil Statutes of Texas, reads as follows:

"In counties having population of not less than 48,900 and not more than 49,000 inhabitants, according to the preceding Federal census, the county judge may employ one person as office assistant, bookkeeper and stenographer at a salary to be fixed by the county judge not to exceed $1,800.00 per annum, in twelve equal monthly installments out of the General Fund of the county."

Section 3a of Article 3902, supra, by its terms provides that in counties having the population of not less than 48,900 and not more than 49,000 inhabitants, according to the preceding Federal census, the county judge may employ one person as office assistant, bookkeeper and stenographer at a salary to be fixed by the county judge not to exceed $1,800.00 per annum in twelve equal monthly installments out of the General Fund of the

Hon. J. B. Henderson, Jr., March 1, 1939, Page 2

county. The population of Harrison County is 48,937, thus falling within the terms of Section 3a, Article 3902. Harrison County is the only county in the State which, according to the preceding Federal census, that had a population within the limits specified in Section 3a of Article 3902.

Section 56, Article 3 of the State Constitution provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, authorizing.... regulating the affairs of counties, cities, towns, wards or school districts....and in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of game and fish of this State in certain localities."

Section 57 of Article 3 of the State Constitution reads as follows:

"No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published, shall be exhibited in the Legislature, before such act shall be passed."

We have information from your brief, which we must assume as correct, that such notice was not published according to the above-quoted Section 57, Article 3 of the State Constitution.

In the case, Gray vs. Taylor, 227 U. S. 51, the Supreme Court of the United States defined a local law as:

"The phrase 'local law' means primarily,

Hon. J. B. Henderson, Jr., March 1, 1939, Page 3

at least, a law in fact, if not in form, is directed only to a specific spot."

The case, City of Fort Worth vs. Bobbitt, 36 SW (2nd) 470, holds among other things, that:

"An act applicable to counties having a population of from 35,190 to 35,200 was evasive and special, citing Hixson vs. Burson, 54 Ohio State 470; Owen County Commissioners vs. Spangler, 159 Ind. 575, and that an act authorizing bonds by cities having between 106,000 and 110,000 inhabitants by 1920 census being applicable only to one city held local law within constitutional provision." Constitution Article 3, Section 56.

The case, Bexar County vs. Tyman, et al, 97 SW (2nd) 567, holds in effect, that:

"Courts in determining whether law is public, general, special or local will look to its substance and practical operation rather than to its title, form, phraseology since otherwise prohibition and fundamental law against special legislation would be nugatory. The Legislature may classify counties on basis of population for purpose of fixing compensation of county and precinct officers but classification must be based on real distinction and must not be arbitrarily devised to give what is, in substance, a local or special law the form of general law. Acts reducing salaries of officers in counties of 290,000 and less than 310,000 population held unreasonable and arbitrary in its classification and void as a special law."

We believe that whether the act in question is to be regarded as special and whether its operation is uniform throughout the State depends upon whether population affords a fair basis for the classification of counties with reference to matters to which it relates and whether the result it accomplishes is in fact a real classification upon that basis and not a designation of

Hon. J. B. Henderson, Jr., March 1, 1939, Page 4

a single county to which alone it shall apply under the guise of such classification. The law in question was so drawn that it is general in form but only applied at the time it went into effect to Harrison County and probably could never apply to another county. We think that a county can be designated by description just as effectively as it can be named and that the application of this act is so inflexibly fixed as to prevent it ever being applicable to other counties.

Section 8 of Article 3912c, Revised Civil Statutes provides as follows:

"The Commissioners' Court of such county shall, on application to the County Judge, authorize the County Judge to employ a stenographer at a salary of from One Hundred Dollars ($100.00) to One Hundred and Twenty-five Dollars ($125.00) per month, and such extra help as the Commissioners' Court may deem advisable and necessary at a salary of not exceeding Thirty Dollars ($30.00) per week, providing such extra help shall not be employed for more than one person for three (3) months in any one calendar year. The salary of such stenographer and such extra help shall be paid out of the General Funds of the county."

This article applies to counties having from 195,000 to 200,000 population. Under the act in question, the maximum compensation of an office assistant, bookkeeper and stenographer of the county judge is raised above the maximum allowed like officers in counties of 195,000 to 200,000 population and the case, Bexar County vs. Tyman et al, supra, citing the case of Clark vs. Finley, 54 SW 343, uses the following language:

"This court recognized the substantial difference in populations of counties could be made a basis of legislation fixing compensation of officers, on the theory, as the court clearly recognized, that the work developing upon an officer was in some degree proportionate to the population of the county.

This has frequently been recognized by the courts as creating sufficient distinction to justify larger compensation for county officers in counties having a population as compared with compensation to like officers in counties having a small population."

We think it true that if the legislature ignores the obvious fact that the work of an assistant, bookkeeper and stenographer of the county judge is proportionate to population and classifies counties in such way that the compensation of such assistant, bookkeeper and stenographer of the county judge in counties having a smaller population is fixed at more than the maximum compensation allowed like officer or employee in counties having a larger population, such action amounts to fixing a classification which is arbitrary and which has no true relevancy to the purpose of the legislation.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that Section 3 of Article 3902 is a special law and, therefore, is unconstitutional and void.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS